C:\LOG\DICT\DT\ GALINDO-Complaint (2-28-20)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| SERGIO GALINDO<br>DBA JESS CONTRACTING, LLC<br><br>v.<br><br>CITY OF DEL RIO | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br><br>2:20-cv-20 |

### PLAINTIFF'S COMPLAINT
### AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

This action is brought pursuant to First Amendment to the United States Constitution and Breach of Contract. Jurisdiction is founded upon 28 U.S.C. Section 1331 and the aforementioned statutory and constitutional provisions. Plaintiff invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), excluding interest or cost.

### PARTIES AND SERVICE

1. Plaintiff, **SERGIO GALINDO DBA JESS CONTRACTING, LLC,** is a citizen of the United States and the State of Texas, and has a place of residence located in Del Rio, Val Verde County, Texas. Plaintiff also has a place of business located in Del Rio, Texas. The Plaintiff, **SERGIO GALINDO DBA JESS CONTRACTING, LLC** (hereinafter referred to as "Plaintiff" or "GALINDO"), and is presently before the Court for all purposes.

2. Defendant, **CITY OF DEL RIO** (hereinafter referred to as "Defendant City"), may be served by mailing a copy of this Complaint and a Summons by Certified Mail/Return Receipt Requested to the *City Manager*, **MATT WOJNOWSKI**, at <u>109 W. Broadway, Del Rio, Texas 78840.</u>

## JURISDICTION

3. This action arises in part under the provisions of 28 U.S.C. Section 1331 and the First Amendment to the United States Constitution.

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a), because they arise out of the same case or controversy.

## NATURE OF ACTION

5. This is a breach of contract action against the City of Del Rio and a conspiracy claim under the RICO Statute. Plaintiff contends that the policies instituted by the City of Del Rio discriminated against Mr. Galindo and has subjected Mr. Galindo to desperate treatment that's causing financial harm.

## FACTS

6. Defendant, CITY OF DEL RIO, entered into a contract with Plaintiff whereby Plaintiff was to commence and complete the construction of certain improvements in the City of Del Rio's roadway system described as the *Del Rio North Main Landscape Project* (hereinafter named "the Project") in the City of Del Rio, Val Verde County, Texas. Defendant was to issue "Notice to Proceed" advising Plaintiff as to when he should begin the Project. No such "Notice to Proceed" was issued by the City. As a condition of the contract, Plaintiff was to substantially complete the Project within 150 consecutive calendar days after the issuance of the "Notice to Proceed" date, and to be at Final Completion within 180 consecutive calendar days after the issuance of the "Notice to Proceed" date subject to such extensions of time provided.

7. Defendant breached its duty to Plaintiff as a result of a conspiracy between city inspectors Alejandro Garcia, Hector Chapa and Roland Hernandez. Specifically, Defendants conspired to cause various delays in the *Del Rio North Main Landscape Project*. Additionally, the inspectors, specifically Hector Chapa, denied various rain delay requests. Also, in an effort to damage the reputation of Sergio Galindo, Hector Chapa made various disparaging statements stating that the Project was delayed, because Plaintiff did not have the money to complete the Project.

8. Plaintiff had substantially completed the Project prior to the Defendant informing Plaintiff that he could no longer work on the Project thereby breaching said contract with Plaintiff. As a result of Defendant's breach, Plaintiff has been damaged in that he has had to incur costs to complete the Project, and to this day remains unpaid.

9. In addition to the refusal to grant extensions due to weather related problems, the City's inspectors sought to obtain financial advantage over Plaintiff. When Plaintiff refused to grant any financial advantage to the inspectors, they began to fail certain tests that were required to move further on the contract. Due to the Defendant breaching the contract and forcing Plaintiff to leave the Project incomplete, the City denied payment to Plaintiff and prevented him from continuing the Project.

10. This was not the first time that City inspectors had sought to obtain financial advantage over Plaintiffs similarly situated. Plaintiff has knowledge that the City inspectors had previously demanded money from prior contractors in order to make certain that they would pass any tests required by the contractors.

11. <u>Producing Cause</u>. Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described hereinbelow.

12. <u>Reliance</u>.  Plaintiff would further show the acts, practices and/or omissions complained of were violative of the contract, and Plaintiff, having previously relied upon said representations, was damaged.

13. <u>Written Notice Given</u>.  Plaintiff has timely notified Defendant of such complaint by letter dated February 4, 2019, and would show compliance with all conditions precedent to the filing of this suit, and recovery of additional damages and attorney's fees.

## BREACH OF CONTRACT

14. Plaintiff would further show that the actions and/or omissions of Defendant described hereinabove constitute breach of contract, which proximately caused the direct and consequential damages of Plaintiff described hereinbelow, and for which Plaintiff hereby sues.

15. Defendant's conduct described above was a producing and proximate cause of actual damages to Plaintiff.  The amount of Plaintiff's damages exceeds the minimum jurisdictional limits of this court.

## RETALIATION BY DEFENDANT

16. Plaintiff alleges that the Defendant instituted a campaign of retaliation against him which included denial of approval of his progress on the Project in question.  This retaliation was and is due to Plaintiff's exercising his right to free speech in that when Plaintiff complained about the actions of the inspectors, the actions of the inspectors were not corrected and Plaintiff was submitted to being ejected from the job.  The stated reasons for Defendant's conduct were not the true reasons, but instead were used as a pretext to hide the Defendant's retaliatory animus.

## DAMAGES FOR PLAINTIFF,
## SERGIO GALINDO DBA JESS CONTRACTING, LLC

17. As a direct and proximate result of Defendant's actions, Plaintiff has been damaged. Mr. Galindo seeks monetary relief of at least $136,000.00. Plaintiff's damages include, but are not limited to:

   (a) Damages to his reputation;

   (b) Loss of income due to failure of the City to permit him to finish the Project.

   (c) Lost profits;

   (d) Injury to business reputation;

   (e) Loss of credit and damage to credit reputation;

   (f) mental anguish in the past;

   (g) mental anguish in the future;

   (h) $136,000.00 still owed under the contract by Defendant to Plaintiff;

   (i) Attorney's fees;

   (j) reasonable and necessary engineering or consulting fees; and,

   (k) Humiliation and embarrassment.

## EXEMPLARY DAMAGES

18. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## ATTORNEY'S FEES

19.  Plaintiff seeks all reasonable and necessary attorney's fees in this case which include pre-trial preparation and trial of this lawsuit; post-trial, pre-appeal legal services, and an appeal to the Court of Appeals; making or responding to an application for writ of error to the Supreme Court of Texas; an appeal to the Supreme Court of Texas in the event application for writ of error is granted; and, post-judgment discovery and collection in the event execution on the judgment is necessary.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, SERGIO GALINDO DBA JESS CONTRACTING, LLC, respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the economic and/or actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which Plaintiff may be entitled at law or in equity, whether pled or unpled.

## JURY DEMAND

The Plaintiff requests trial by jury.

Respectfully submitted,

LAW OFFICES OF GREGORY W. CANFIELD, P.C.

_____
GREGORY W. CANFIELD; SBN: 03741400
888 Isom Road, Suite 203
San Antonio, Texas 78216
Tel. (210) 344-3366
Fax (210) 344-4346
E-mail: gwcanfieldatty@aol.com